**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:   KANDISE NADINE LUCAS,<br>               Debtor. | Case No. 20-33177-KRH<br>Chapter 13 |
| AMANDA SIMONS,<br><br>                      Plaintiff,<br><br>v.<br><br>KANDISE NADINE LUCAS,<br><br>                      Defendant. | Adv. Pro. No. 20-03143-KRH |

### ORDER DENYING MOTION TO REOPEN

This matter comes before the Court upon the *Motion to Re-open Closed Case and Rescind Dischargeability Decision Under §523(a)(6) Based on Fraud Upon the Court by Simon and Ritter* [ECF No. 45] (the "Motion") filed pro se by Kandise Nadine Lucas (the "Debtor"). By her Motion, the Debtor asks the Court to reopen the above-captioned adversary proceeding (this "Adversary Proceeding") in order to reconsider its judgment entered on July 28, 2022, in favor of Amanda Simons (the "Plaintiff"). The Debtor requests the judgment be vacated based on fraud and newly discovered evidence.

A closed bankruptcy case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "Whether a bankruptcy case should be opened is left to the sound discretion of the bankruptcy court and depends on the circumstances of the case." *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007) (citing *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984)). "[T]he Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act." *In re Shin*, No. 17-13509-BFK, 2021

WL 603380, at *2, 2021 Bankr. LEXIS 353, at *3, (Bankr. E.D. Va. Feb. 16, 2021) (citing *In re Conner*, No. 12-72146-RBC, 2014 WL 879639, at *1, 2014 Bankr. LEXIS 844, at *2 (Bankr. W.D. Va. Mar. 5, 2014); *In re Cutright*, No. 08-70160-SCS, 2012 WL 1945703, at *4, 2012 Bankr. LEXIS 2419, at *12 (Bankr. E.D. Va. May 30, 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)).

Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 60 of the Federal Rules of Civil Procedure (the "Civil Rules").[1] As the Debtor cites, the Court may vacate a judgment based upon either "newly discovered evidence" or "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3). However, the Rule requires that any such motion "must be made within a reasonable time" and, in the event of alleged "newly discovered evidence" or "fraud . . ., misrepresentation, or misconduct by an opposing party," "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Judge Mayer of this Court has previously determined that this deadline to file a motion to vacate applies to reconsideration of a dischargeability judgment on the grounds of newly discovery evidence, fraud, or misconduct. *Taylor v. Omeechevarria* (*In re Omeechevarria*), Adv. Pro. No. 11-01470-RGM, 2014 WL 2766172, at *2, 2014 Bankr. LEXIS 2675, at *6 (Bankr. E.D. Va. June 18, 2014).[2]

---

[1] Bankruptcy Rule 9024 does contain certain exceptions, none of which are applicable to the Motion or this Adversary Proceeding. *See* Fed. R. Bankr. P. 9024(a)(1) (reconsideration of an uncontested order allowing or disallowing claims); 9024(a)(2) (revocation of a Chapter 7 discharge); 9024(a)(3) (revocation of a confirmation order).

[2] In support of her Motion, the Debtor cites to *In re Stancil*, 113 F.3d 1213 (4th Cir. 1997). The case appearing on page 1212 of the 113 volume of the Federal Reporter (Third Series) is Arencibia v. Miami Shoes, 113 F.3d 1212 (11th Cir. 1997), which concerns the jurisdiction of a court to award attorney's fees under the Fair Labor Standards Act. The Court has reviewed the decisions issued by the Fourth Circuit and cannot find a case matching the Debtor's description.

2

The Motion was filed more than one year after entry of the judgment in this Adversary Proceeding. Accordingly, it is untimely. As reopening this Adversary Proceeding would be futile, the Court should deny the Motion. *In re Shin*, 2021 WL 603380, at *2, 2021 Bankr. LEXIS 353, at *3. In consideration whereof, it is therefore

**ORDERED** that the Motion is **DENIED**; and it is further

**ORDERED** that the hearing on the Motion scheduled for June 17, 2025 at 11:00 AM is **CANCELLED**.

Dated: May 22, 2025

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 23 2025

**Copies to:**

**Amanda Simons**
c/o Daniels, Williams, Tuck & Ritter
11901 Iron Bridge Road
PO Box 3570
Chester, VA 23831

**Todd Madison Ritter**
Hill & Rainey
2425 Boulevard, Suite 9
Colonial Heights, VA 23834

**Kandise Nadine Lucas**
514 East Williamsburg Road
Sandston, VA 23150

**Jason Meyer Krumbein**
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230